IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARLENE KOLTON,           )
                          )
        Plaintiff,        )
                          )
   vs.                    )  No. 06 C 263
                          )
AURAFIN, LLC, et al.,     )
                          )
        Defendants.       )

## MEMORANDUM OPINION AND ORDER

Plaintiff has alleged that she was solicited by the corporate defendant to leave her employment with a competitor and, instead, run a separate silver division in Aurafin's jewelry business. According to plaintiff, the two persons actively soliciting her were Michael Gusky, chairman of Aurafin, and David Meleski, president of Aurafin, both of whom are individual defendants. She accepted and, she alleges, the representations that induced her to accept turned out to be untrue.

Defendants move to transfer the case to the Southern District of Florida, pursuant to 28 U.S.C. §1404(a). That motion is granted.

Plaintiff is a resident of Illinois. That is apparently the only tie that this case has to Illinois. Plaintiff names a possible Illinois witness, but indicates that his knowledge is solely hearsay. Some of the representations, she claims, were made in telephone conversations to her in Illinois – but the calls were from Florida, and, we are led to believe, many of the representations were made during a visit or visits by plaintiff to Aurafin's Florida headquarters. The decision to hire was made in Florida, and the decision to fire either in Florida or Pennsylvania. Most of the documents are in Florida, but they can easily be transported elsewhere. Events in California and Pennsylvania may be relevant, but they (and

any witnesses to them) do not support either keeping the case here or transferring it elsewhere.

But none of those considerations is of much significance. So what is important? Plaintiff chose to sue in her home forum. That is entitled to considerable deference, although not as much as would be so if the material facts related to that forum. The parties agree that Florida law controls, a factor counseling transfer. Most importantly, the discovery in this case will largely have to take place in Florida, and there is no way witnesses from there can be required to attend trial here. It would appear that the status of Aurafin's silver jewelry business, and its plans for that business, will be the stuff of discovery. That means plaintiff in all likelihood will have to go to Florida to take the depositions of Gusky and Meleski, and possibly others – Florida residents are not within the subpoena power of this court, and customarily this court cannot order the officers of a defendant to travel to plaintiff's home state for depositions. Defendants may choose to rely on the testimony of a former CEO and the present CFO, both in Florida, to explain the relationship with plaintiff and the past and future of the silver business, thus necessitating additional depositions in Florida. Plaintiff cannot subsequently compel their attendance at trial, although ordinarily the corporate defendant would have them appear wherever the case was tried, although at some inconvenience to them.

In short, it is probable that the pretrial action is going to be in Florida. One more trip by plaintiff to Florida for trial is not a significant extra burden. We conclude that the convenience of parties and witnesses, and the interests of justice, dictate transfer to the Southern District of Florida.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 27, 2006.